# Exhibit A

| | |
|---|---|
| **District Court, Rio Grande County, Colorado**<br>925 6th Street, Room 204, Del Norte, Colorado 81132<br>Phone 719-657-3394 | |
| FRANCIS E. ALLEN, Plaintiff,<br><br>vs.<br><br>MATT SMITH and COLORADO HULA HOOPS LLC, a California Limited Liability Company, Defendants. | DATE FILED: December 12, 2016 3:53 PM<br>FILING ID: F54FD1EB762B8<br>CASE NUMBER: 2016CV30038<br><br><br><br><br>▲ COURT USE ONLY ▲ |
| Daniel B. Slater<br>1415 Main Street, Suite A<br>Cañon City, Colorado 81212<br>Phone 719-269-3315<br>dan@danslaterlaw.com<br>Attorney Reg. # 30174 | Case Number:<br><br>**2016 CV _____**<br><br>Division:   Courtroom: |
| **VERIFIED COMPLAINT** | |

COMES NOW, the Plaintiff, by and through his attorney, Daniel B. Slater, and hereby complains against the Defendants in this matter.  In support of this Complaint, the Plaintiff states:

1.      Plaintiff Francis E. Allen is a resident of Rio Grande County, Colorado, with an address of 2 Dodge City Road, South Fork, CO 81154.

2.      Defendant Matt Smith ("Defendant Smith") is a resident of the El Dorado County, California and El Paso County, Colorado, with a principal address of 2660 Lake Tahoe Blvd., Suite A4, South Lake Tahoe, CA 96150.

3.      Defendant Colorado Hula Hoops LLC ("Defendant CHH") is a California limited liability company, with a principal address of 2660 Lake Tahoe Blvd., Suite A4, South Lake Tahoe, CA 96150.

4.      On information and belief, Defendant Smith is the principal owner and manager of Defendant CHH.

5.      Jurisdiction is appropriate in this court because the contract and arrangements that form the basis for this action occurred within Rio Grande County, Colorado, and because the Plaintiff resides in Rio Grande County, Colorado.

6.      Venue is appropriate because the Plaintiff resides in Rio Grande County, Colorado, and because the business that forms the basis for the concerns raised herein is principally located in Rio Grande County, Colorado.

7.      Plaintiff is a producer of a product known generally as "LED hula hoops."

8.      Over a number of years, Plaintiff developed his business producing LED hula hoops as a wholesale manufacturer of such devices.

9.      In the process of developing this business, Plaintiff designed a number of proprietary processes and parts to make LED hula hoops more efficiently and in a more timely manner than other producers of LED hula hoops.

10.     The business that Plaintiff developed has grown into a successful and profitable enterprise.

11.     In approximately August 2016, Plaintiff let it be known that he was interested in selling the LED hula hoop business.

12.     Immediately, Defendant Smith, who had been a customer of the Plaintiff's, indicated he was very interested in purchasing the Plaintiff's business.

13.     Plaintiff had at least one other potential purchaser at the time, but due to his ongoing relationship with Defendant Smith and Defendant CHH, Plaintiff decided to

foreg discussions with the other potential purchaser in favor of making a deal with Defendant Smith.

14.     Defendant Smith indicated from the beginning of the conversations with the Plaintiff that he was going to buy Plaintiff's business.

15.     The parties agreed on a price of $120,000.00, plus a purchase of Plaintiff's remaining inventory.

16.     In the process of finalizing the transaction, Defendant Smith requested a number of pieces of documentation from Plaintiff.

17.     In particular, Defendant Smith requested a list of Plaintiff's parts vendors and ordering information.

18.     Defendant Smith also requested a list of Plaintiff's primary customers and the details of orders made by each of the customers over time.

19.     Defendant Smith also arranged for a time for himself and one of his employees to spend two weeks in Rio Grande County learning the Plaintiff's proprietary process of making LED hula hoops in an efficient manner.

20.     Plaintiff expressed concern to Defendant Smith about the amount of information Defendant Smith was requesting. Plaintiff expressed concerns that the parties only had a verbal agreement to sell the business, and worried to Defendant Smith that if Defendant Smith backed out of the deal, he could use the proprietary information and trade secrets

gained from Plaintiff and begin to manufacture his own hoops in competition with Plaintiff.

21.     In response to the concerns expressed by Plaintiff described in the preceding paragraph, Defendant Smith assured Plaintiff that: (a) he would not manufacture his own LED hula hoops; (b) he would purchase LED hula hoops from whomever Plaintiff sold the company to, as long as the quality remained the same; and (c) he would discontinue selling LED hula hoops if Plaintiff did not sell the company and instead briefly discontinued manufacturing LED hula hoops.

22.     On September 23, 2016, Plaintiff provided the requested trade secret and proprietary information based on the conversation with Defendant Smith.

23.     On September 25, 2016, Defendant Smith indicated that all of the financial information and the proposed purchase agreement provided by Plaintiff "looked good," but that his wife was having some concerns.

24.     Shortly after that, Plaintiff provided additional documentation to Defendant Smith, and Defendant Smith advised that his wife's concerns had been resolved.

25.     At some point after September 25, 2016, Defendant Smith advised he was having difficulty obtaining financing, but assured Plaintiff he would be purchasing the company. He further assured that he could have his father give him the money if absolutely necessary.

26.     On October 3, 2016, Plaintiff advised that he would partially finance the sale if that was necessary to making the deal go through.

27.    Finally, on October 10, 2016, Defendant Smith advised Plaintiff he had changed his mind and would not be purchasing the business. He still assured Plaintiff that he would not compete with Plaintiff at that point, stating: "We will continue to purchase LED hoops from whom ever else you decide to sell the business to. Or we will just discontinue selling LED hoops."

28.    Upon learning that Defendant Smith was backing out of the sale, Plaintiff contacted the other potential buyer of his company who had expressed interest. She advised Plaintiff that in the interim, she had purchased a different business, and would not be in a position to consider purchasing Plaintiff's business for another 6-12 months.

29.    On or about October 21, 2016, Defendant Smith contacted Plaintiff's LED light vendor in China, requesting (and receiving) copies of previous orders made by Plaintiff for specially-made LED lights.

30.    On or about November 21, 2016, Defendant CHH contacted Plaintiff's spring vendor in Denver, Colorado, attempting to purchase specially-made springs from the spring vendor.

31.    On information and belief, Defendant CHH advised Plaintiff's spring vendor that they were making Plaintiff's LED hula hoops now, and that is why they needed to order Plaintiff's specially-made springs.

32.    Defendant CHH is now advertising the sale of LED hula hoops on its websites.

33.    On information and belief, Defendant CHH is selling LED hula hoops through other channels, as well.

34.    On information and belief, Defendant CHH is manufacturing LED hula hoops utilizing proprietary technology and trade secrets gleaned from the aborted transaction between Defendant Smith and Plaintiff.

35.    On information and belief, Defendant CHH and Defendant Smith have contacted Plaintiff's customers in an effort to sell them LED hula hoops made by Defendant CHH with Plaintiff's proprietary technology and trade secrets.

36.    Defendant CHH, through Defendant Smith's wife, has contacted Plaintiff's customers and has advised Plaintiff's customers that they have purchased Plaintiff's company and that Defendant CHH will now be fulfilling all of Plaintiff's orders.

37.    Plaintiff is suffering irreparable harm due to the Defendants' production of LED hula hoops with Plaintiff's trade secrets.

38.    Plaintiff will continue to suffer irreparable harm unless Defendants are stopped and prohibited from producing LED hula hoops using Plaintiff's trade secrets.

## CAUSE OF ACTION NUMBER ONE – THEFT / MISAPPROPRIATION OF TRADE SECRETS

39.    Plaintiff hereby incorporates all previous paragraphs as if restated fully herein.

40.    As previously stated, Plaintiff utilizes a significant amount of trade secrets and confidential information in the manufacture and sale of LED hula hoops, including (but not limited to) processes, vendor information, customer information, specialized parts, confidential business and financial information, listing of names, addresses, etc.

41.     Plaintiff has taken measures to prevent this information from becoming available to person other than those selected by the owner to have access thereto for limited purposes.

42.     The Defendants obtained Plaintiff's trade secrets and confidential information through fraud, misrepresentation, and breaching an agreement to purchase Plaintiff's business. This acquisition was under circumstances giving rise to a duty to maintain the secrets' secrecy or limit their use.

43.     The Defendants knew, or should have known, that information being provided to them were trade secrets and proprietary information.

44.     The Defendants expressly agreed not to utilize the Plaintiff's trade secrets and proprietary information to manufacture LED hula hoops in exchange for receipt of the trade secrets and proprietary information.

45.     However, the Defendants have used the Plaintiff's trade secrets and proprietary information to manufacture and sell LED hula hoops.

46.     The Defendants knew, or should have known, that the information they received from the Plaintiff included trade secrets and proprietary information.

47.     The Plaintiff has suffered, and continues to suffer, damages as a result of Defendants' use of Plaintiff's trade secrets and proprietary information.

48.     Plaintiff is entitled to both the damages suffered by Plaintiff, as well as to the unjust enrichment caused by the misappropriation of Plaintiff's trade secrets, as provided for in C.R.S. § 7-74-101 (1).

49.     The Defendants have acted with fraud, malice, and/or a willful and wanton disregard of the Plaintiff's rights and feelings, entitling the Plaintiff to exemplary damages pursuant to C.R.S. § 7-74-104 (2).

## CAUSE OF ACTION NUMBER TWO – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP

50.     Plaintiff hereby incorporates all previous paragraphs as if restated fully herein.

51.     Plaintiff was engaged in conversations with an individual to sell Plaintiff's business to that individual.

52.     Defendant Smith was aware of this potential sale, and encouraged Plaintiff to sell the business to him instead.

53.     On information and belief, Defendant Smith intentionally engaged in this conduct to interfere with Plaintiff's potential sale to a third party.

54.     On information and belief, Defendant Smith never had a genuine intent to purchase Plaintiff's business; however, Defendant Smith intentionally and deceitfully convinced Plaintiff that Defendant Smith would purchase Plaintiff's business.

55.     By the time Defendant Smith revealed that he had no plans to purchase Plaintiff's business, the window for selling to the initially-interested third party had closed.

56.    On information and belief, it was Defendant Smith's intention to prevent this sale to a third party so Defendant Smith could have time to begin manufacture of LED hula hoops using Plaintiff's designs and trade secrets.

57.    Plaintiff has suffered damages as a result of this interference.

### CAUSE OF ACTION NUMBER THREE – BREACH OF CONTRACT

58.    Plaintiff hereby incorporates all previous paragraphs as if restated fully herein.

59.    Plaintiff and Defendants[1] agreed to a sale of Plaintiff's LED hula hoop business from Plaintiff to Defendants.

60.    As partial performance of this contract, Plaintiff provided Defendants with lists of vendors, customers, accounts receivable, and other trade secrets and proprietary information.

61.    Defendants have failed and refused to provide the agreed-upon compensation for the sale of the business; however, they have commenced manufacture of the Plaintiff's LED hula hoops using parts gained from Plaintiff's vendors, and sale of these products to Plaintiff's customers.

62.    Plaintiff has suffered, and continues to suffer, damages as a result of this breach of contract.

---

[1] Plaintiff initially engaged in all conversations with Defendant Smith about Defendant Smith individually purchasing the business. Later, as letters of intent were presented to potential financing entities, Defendant CHH was listed as the buyer.

## CAUSE OF ACTION NUMBER FOUR – BREACH OF CONTRACT

63.     Plaintiff hereby incorporates all previous paragraphs as if restated fully herein.

64.     In exchange for the Plaintiff sharing trade secrets and confidential information, Defendant Smith promised that he and Defendant CHH would not sell LED hula hoops if the anticipated sale did not go through and he did not purchase LED hula hoops from Plaintiff.

65.     The anticipated sale did not go through.

66.     Defendant CHH is both manufacturing and selling LED hula hoops.

67.     Accordingly, Defendants have breached Plaintiff's agreement on this point.

68.     Plaintiff has suffered, and continues to suffer, damages as a result of this breach.

WHEREFORE, the Plaintiff requests the following relief:

   A.  Compensatory damages.

   B.  Consequential damages.

   C.  Special damages.

   D.  Exemplary damages.

   E.  A permanent injunction preventing Defendants, and any of their employees, from manufacturing any LED hula hoops, as provided for in C.R.S. § 7-74-103.

   F.  Attorneys' fees.

   G.  Costs of suit.

   H.  And such other and further relief as the Court may deem appropriate.

Date: _December 12, 2016_

_/s/ Daniel B. Slater_ _____
Daniel B. Slater, Attorney at Law

In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signatures is maintained at The Law Office of Dan Slater, and will be made available for inspection by other parties or the Court upon request.

### *VERIFICATION*

STATE OF COLORADO )
                   ) ss.
County of Rio Grande )

The undersigned, being first duly sworn upon oath, deposes and says that he is the named Plaintiff in this matter, Francis E. Allen; that he has read the Verified Complaint and knows the contents thereof; and that the same are true to the best of his information and belief.

_Francis E. Allen_ _____
Francis E. Allen

Subscribed and sworn to before me this 12th day of December, 2016.

My commission expires: __8/13/17__

_Pamela Kit Salway_
Notary Public

PAMELA KIT SALWAY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID# 19994031706
MY COMMISSION EXPIRES AUGUST 13, 2017